UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEANDRE GROVES,

    Defendant.
_____/

Criminal Case No. 22-mj-30447

David R. Grand
United States Magistrate Judge

## ORDER OF DETENTION FOR VIOLATION OF BOND CONDITIONS PURSUANT TO 18 U.S.C. § 3148

On October 14, 2022, defendant Deandre Groves ("Groves") was charged in a criminal complaint with Assaulting, Resisting, Impeding Certain Officers, in violation of 18 U.S.C. § 111. The complaint against Groves alleges that since April of this year, "there have been approximately 17 instances reported by the [Theodore Levin U.S. Courthouse Court Security Officers ("CSOs")] that involve GROVES showing up at the Federal Courthouse and creating a disturbance and refusing to leave. The CSO encounters have become more volatile as of late where GROVES physically attempts to force his way through the courthouse doors, ignoring CSO orders to cease his actions and leave the premises. GROVES has threatened bodily harm to the CSOs and has physically assaulted the CSOs." These confrontations "have required responses from the Detroit Police Department and/or Federal Protective Services (FPS) to assist USMS staff with the handling of these escalating encounters." Following are details of a few of the more

recent confrontations:

- **October 7, 2022** – Groves attempted to enter the courthouse at 6:00 a.m. and was not allowed in.  He returned about an hour and a half later and entered a first set of doors, where CSOs encountered him and escorted him out of the building.  Less than an hour later, Groves returned and began yelling at the CSOs and running towards them.  He grabbed the coat of one CSO and attempted to push his way into the courthouse, saying "fuck you, you can't stop me."  Detroit Police Department officers arrived and arrested Groves.  Groves then threatened the officers, saying, "I will kill you; I will fucking kill you."

- **October 12, 2022** – Groves returned to the Theodore Levin U.S. Courthouse.  CSOs recognized him, but Groves was uncooperative, swearing, and threatened to kill the officer who placed him under arrest.  An FPS officer issued Groves a District Court Violation Notice.  A few hours later, Groves returned to the Courthouse and entered.  A CSO directed him to go outside, to which Groves yelled, "what are you going to do now?"  Groves went outside for a short time, but then attempted to go back inside.  He was told to stop, but instead of complying, he grabbed the CSO's coat with both hands and a physical struggle ensued.  Groves was again arrested, and the instant charges followed.

Groves made his initial appearance on October 18, 2022.  He was ordered temporarily detained, with a detention hearing scheduled for October 21, 2022.  On that date, the government and Groves reached an agreement for him to be released on very strict bond conditions, the most significant of which required him to participate in "Team Wellness (Team Jefferson)," an inpatient/residential substance abuse/mental health treatment program.  Groves was required to comply with all Team Wellness treatment plans, and was expressly and unequivocally advised that he was "not permitted to leave the facility unless permitted" by Team Wellness or Pretrial Services.  (ECF No. 8, PageID.17).  He was also placed on a GPS tether.

Unfortunately, Groves did not adhere to this requirement.  Just a few days after his admission, he left the facility because he did not find it clean enough.  Pretrial Services

also noted that Groves had not properly maintained his GPS tether. A warrant for Groves' arrest was issued, Groves was apprehended, and his bond was revoked. (ECF No. 9).

Pursuant to 18 U.S.C. § 3148, on November 2, 2022, the Court held a hearing regarding Groves' violation of his bond conditions. This statute provides, in relevant part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> **(1)** finds that there is—
>
> **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> **(B)** clear and convincing evidence that the person has violated any other condition of release; and
>
> **(2)** finds that—
>
> **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1), (2).

Groves did not deny the allegations against him, and clear and convincing evidence was presented that Groves violated the single most important condition of his bond – that he remain at the Team Wellness (Team Jefferson) facility so that he could receive needed mental health treatment while also ensuring his and the community's

3

safety. Again, Groves was unequivocally advised that he was "not permitted to leave" the Team Wellness (Team Jefferson) facility, but did so, simply because he believed the facility wasn't clean enough. The Court also finds, based on the § 3142(g) factors, that no bond conditions exist that would reasonably assure Groves will not flee or pose a danger to the community, and also finds that Groves is unlikely to follow a bond condition that requires him to reside at a non-custodial treatment facility. The Court notes, in particular, Groves' escalating and repeated conduct which turned physical on multiple occasions with officers at the Levin U.S. Courthouse, his threatening remarks, and serious concerns about his mental health. Indeed, during the November 2, 2022 hearing, the government moved the Court to order a competency evaluation for Groves, and Groves' counsel indicated that she would not oppose that motion and would work with the government's counsel to identify the best location for Groves to be evaluated.

For all of the foregoing reasons, Groves is ordered detained. 18 U.S.C. § 3148. By **November 8, 2022**, counsel for the parties shall submit to the Court either a joint stipulated proposed order for Groves' competency evaluation, or, if they are unable to agree, their own respective proposed orders.

**IT IS SO ORDERED.**

Dated: November 3, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Michael E. Lang  
MICHAEL E. LANG  
Case Manager

Dated: November 3, 2022